United States District Court
Southern District of Texas
**ENTERED**
November 05, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORIYOMI SADIA ALOBA, (Reg. No. 75821-112), | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-3100 |
| CLIENT DRAGOO, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Oriyomi Sadia Aloba, also known as Oriyomi Saddiq Aloba (Reg. No. 75821-112), is presently serving a federal prison sentence at the Reeves County Detention Center III in Pecos, Texas. He has filed a Criminal Complaint ("Complaint") (Docket Entry No. 1), seeking arrest warrants and criminal charges against individuals involved in his arrest and prosecution. Because the plaintiff is a prisoner, the court is required to scrutinize the pleadings and dismiss the action, in whole or in part, if it determines that the Complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

The plaintiff is currently incarcerated as the result of a conviction and sentence that he received in <u>United States v. Oriyomi Saddiq Aloba,</u> No. 2:18-cr-0083 (C.D. Cal.). Court records from that case reflect that a jury found the plaintiff guilty of several offenses outlined in a Second Superseding Indictment, including: Conspiracy to Commit Wire Fraud and Attempted Wire Fraud (Count 1), Wire Fraud (Counts 2 through 17); Unauthorized Impairment of a Protected Computer (Count 18); Unauthorized Access to a Protected Computer to Obtain Information (Counts 19 through 23); Aggravated Identity Theft (Count 24); Aiding and Abetting Aggravated Identity Theft (Counts 25 through 27). On October 21, 2019, the plaintiff received a sentence of 145 months' imprisonment plus restitution in the amount of $47,479.26 and a special assessment of $2700.00. That case is now on appeal.

The plaintiff notes in his pending Complaint that he was arrested on November 15, 2017, by two armed individuals who claimed to be "operating under the color of law" (Docket Entry No. 1, p. 1). These individuals, identified as Client Dragoo and Christopher Odeck, allegedly held him "hostage" in a "Houston Police Marked Car" as part of a conspiracy by the Federal Bureau of Investigation, the Los Angeles Bureau of Investigation, the Los Angeles Superior Court, the People of Los Angeles, and "others unknown" <u>(Id.).</u> The plaintiff was then taken to the Harris County

Jail and later transported by commercial airline from Houston to Los Angeles, where he was again held hostage in the Los Angeles County Jail (Id.). He accuses the defendants of kidnapping and hostage-taking in violation of several criminal statutes, including 18 U.S.C. §§ 1201, 1201(a), 1201(b), 1203, 1203(a), 2236, and 242, and he asks the court to issue warrants for their arrest (Id.).

## II. **Discussion**

A district court may dismiss a prisoner's complaint as frivolous "if it lacks an arguable basis in law or fact." Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

The plaintiff does not articulate a viable claim because it is well established that there is "no private right of action to bring criminal charges." Back v. Texas Dep't of Criminal Justice Correctional Institutions Div., 716 F. App'x 255, 259 (5th Cir. 2017) (citing Gill v. Texas, 153 F. App'x. 261, 262 (5th Cir. 2005); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990)); see also Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (rejecting an equal protection

claim under § 1983 because neither a member of the public at large nor the victim has a right to have another criminally prosecuted). Private citizens are thus not entitled to an order requiring the arrest or prosecution of wrongdoers. See Del Marcelle v. Brown County Corp., 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted). Accordingly, this case will be dismissed as frivolous.

### III.   Conclusion and Order

Based on the foregoing, it is **ORDERED** that the Complaint filed by Oriyomi Sadia Aloba, also known as Oriyomi Saddiq Aloba (Reg. No. 75821-112) (Docket Entry No. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) as frivolous.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also send a copy to the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 5th day of Nov., 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE